1   MARTIN D. SINGER, ESQ. (BAR NO. 78166)
    EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)
2   LAVELY & SINGER
    PROFESSIONAL CORPORATION
3   2049 Century Park East, Suite 2400
    Los Angeles, California 90067-2906
4   Telephone:  (310) 556-3501
    Facsimile: (310) 556-3615
5   E-Mail: espiegel@lavelysinger.com

6   Attorneys for Plaintiffs
    **Kourtney Kardashian, Kimberly Kardashian,**
7   **Khloé Kardashian Odom, Robert Kardashian, Jr., and Kris Jenner**

8               UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11  **Kourtney Kardashian**, an individual; )   CASE NO. CV 13-02406-GHK
    **Kimberly Kardashian**, an individual; )            (JCx)
12  **Khloé Kardashian Odom**, an              )
    individual; **Robert Kardashian, Jr.**,    )
13  an individual, and **Kris Jenner**, an     )   **COMPLAINT FOR:**
    individual,                                )
14                                             )   1.   **CONVERSION**
                   Plaintiffs,                 )
15                                             )   2.   **COPYRIGHT INFRINGEMENT**
             v.                                )
16                                             )   3.   **COPYRIGHT INFRINGEMENT**
    **Ellen Pearson**, an individual, a/k/a     )
17  Ellen Kardashian and a/k/a                 )   4.   **CLAIM AND DELIVERY**
    Ellen Pierson; and **DOES 1 through**       )
18  **10**, inclusive,                          )   5.   **ACCOUNTING**
                                               )
19                 Defendants.                 )   6.   **CONSTRUCTIVE TRUST**
                                               )
20  _____     )   *[JURY TRIAL DEMANDED]*

21

22

23

24

25

26  / / /

27  / / /

28  / / /

                                              **COMPLAINT**

Plaintiffs Kourtney Kardashian, Kimberly Kardashian, Khloé Kardashian Odom, Robert Kardashian, Jr., and Kris Jenner (collectively, "Plaintiffs"), allege:

## THE NATURE OF THIS ACTION

1.      This action is necessitated by Defendant Ellen Pearson's despicable and unlawful scheme to hold in secret and convert, and now exploit, a private personal and copyright protected compilation diary/journal/planner (the "Diary") of the late Robert Kardashian, family photo albums (the "Family Albums"), and a family holiday photograph (the "Photograph"), all of which purportedly documents his and his family's lives before they were famous and while his children were minors. Robert Kardashian bequeathed the bulk of his personal tangible and intangible property, which includes the private Diary and Album and the copyrights therein, equally to his four children, Kourtney Kardashian, Kimberly Kardashian, Khloé Kardashian Odom and Robert Kardashian, Jr. (the "Kardashian Siblings").

2.      Notwithstanding the express wishes in Robert Kardashian's will and trust, until recently, Pearson hid from the Kardashian Siblings -- as well from the trustee and Court in her recent bankruptcy -- the existence of and her possession of the private Diary and the Photograph.  In her continued efforts to cash-in on and make money off of her brief marriage to the father of the now famous Kardashian Siblings and their family, Pearson now, without any right, title, interest or authorization, has exploited for her benefit and licensed the Diary and Photograph, and portions of the Family Albums, to tabloid media for publication.

3.      This is an action to obtain redress for Pearson's unlawful conversion of private and valuable personal property, and her and her co-conspirator's blatant violation of copyrights, among other calculated wrongful and tortious conduct.

## JURISDICTION & VENUE

4.      This action is brought, and exclusive subject matter jurisdiction lies within this Court upon multiple grounds, including pursuant to the United States Copyright Act, 17 U.S.C. Sections 101 et seq., based on acts of copyright

1  infringement committed in the United States (28 U.S.C. §1338(a)). This Court has
2  federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a), and
3  pursuant to 17 U.S.C. § 410(d) and § 411, and supplemental jurisdiction over
4  Plaintiff's common law conversion and claim and delivery claims arising under
5  California law pursuant to 28 U.S.C. § 1367, because they flow from a common
6  nucleus of operative facts.

7      5.    Venue lies within this District pursuant to 28 U.S.C. §1400, and is also
8  proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendants,
9  and each of them, are subject to personal jurisdiction in this District as a substantial
10 part of the events or omissions giving rise to the claims herein occurred in this
11 District. This Court also has jurisdiction and venue of this action under 15 U.S.C.
12 §1125 *et seq.,* 28 U.S.C. §§1331, 1338(a) and (b). Some of the key acts giving rise
13 to the claims asserted herein occurred in the County of Los Angeles, State of
14 California. The amount in controversy includes statutory damages for copyright
15 infringement of up to $150,000 per violation, which Plaintiffs sustained in the
16 County of Los Angeles.

17                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**
18                              **THE PARTIES**

19     6.    Plaintiff Kourtney Kardashian ("Kourtney") is, and at all times relevant
20 hereto has been, an individual who is a citizen of and who is engaged in and doing
21 business in the County of Los Angeles, State of California.

22     7.    Plaintiff Kimberly Kardashian ("Kim") is, and at all times relevant
23 hereto has been, an individual who is a citizen of and who is engaged in and doing
24 business in the County of Los Angeles, State of California.

25     8.    Plaintiff Khloé Kardashian Odom ("Khloé") is, and at all times relevant
26 hereto has been, an individual who is a citizen of and who is engaged in and doing
27 business in the County of Los Angeles, State of California.

28 / / /

**COMPLAINT**

9.     Plaintiff Robert Kardashian, Jr. ("Robert") is, and at all times relevant hereto has been, an individual who is a citizen of and who is engaged in and doing business in the County of Los Angeles, State of California.

10.     Plaintiff Kris Jenner ("Jenner") is, and at all times relevant hereto has been, an individual who is a citizen of and who is engaged in and doing business in the County of Los Angeles, State of California.

11.     Plaintiffs are informed and believe and based thereon allege that Defendant Ellen Pearson, also known as (a/k/a) Ellen Kardashian and a/k/a Ellen Pierson ("Pearson"), is, and at all times relevant hereto has been, an individual who is a citizen of and/or who is engaged in and doing business and commercial activities in and causing a direct effect in the County of Los Angeles, and throughout the State of California.

12.     Plaintiffs are presently unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained.  Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs' damages were proximately caused by their conduct.   Hereinafter all Defendants including Doe Defendants will sometimes be referred to collectively as "Defendants."   For convenience, each reference to a named Defendant herein shall also refer to the Doe Defendants, and each of them, as applicable.

13.     Plaintiffs are informed and believe and based thereon allege that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership,

1   conspiracy, ownership or joint venture.  Plaintiffs are informed and believe and
2   based thereon allege that the officers, directors and/or managing agents of the
3   Defendant business entities, authorized, directed and/or ratified the wrongful acts
4   of the employees and representatives of said Defendants and, consequently, all of
5   said Defendants are jointly and severally liable to Plaintiffs.

6   ## BACKGROUND AND NATURE OF THIS ACTION

7        14.   Kourtney Kardashian, Kimberly Kardashian, Khloé Kardashian Odom
8   and Robert Kardashian, Jr. (the "Kardashian Siblings"), and their mother Kris
9   Jenner, are successful business owners and internationally recognized media and
10  television personalities, including with their E! reality television series *Keeping Up*
11  *with the Kardashians*, and its subsequent spin-offs, including *Kourtney and Kim*
12  *Take New York* and *Kourtney and Kim Take Miami*.

13       15.   Robert Kardashian was a successful attorney and businessman, who
14  gained national recognition as one of O. J. Simpson's defense attorneys during the
15  latter's 1995 criminal trial.   Robert Kardashian's first-wife was Kris Jenner
16  (formally Kris Kardashian), together with whom he has four children, Kourtney
17  Kardashian, Kimberly Kardashian, Khloé Kardashian Odom and Robert Kardashian,
18  Jr.  In August 2003, less then two-months before his death from cancer (on Sept.
19  30, 2003), Robert Kardashian married his third-wife, Defendant Ellen Pearson.

20       16.   At the time of his untimely passing, Robert Kardashian was in
21  possession of, among other property and assets, various tangible personal property,
22  including comprised of private writings about he and his family and photographs
23  capturing he and his family/children.

24       17.   By written legal bequeath -- as contained in the "Will of Robert George
25  Kardashian" (the "Will") and pursuant to the "Trust Agreement for the Robert
26  George Kardashian 2003 Trust" (the "Trust") dated July 26, 2003 -- Robert
27  Kardashian expressly provided that "**all of [his] interest in his tangible personal**
28  **property**, not effectively disposed of [pursuant to a specific itemized list], ... **shall**

COMPLAINT

1  be distributed by the Trustee <u>outright to [his] children</u> who survive him, to be
2  divided among them, in equal shares, as they agree. ..." (Trust, Article 5).

3      18.    The definition for "property", as specifically and identically set forth
4  in both the Will (pursuant to Article 9 - Definitions, Section 9.11 - Property) and
5  the Trust (pursuant to Article 20 - Definitions, Section 20.23 - Property), defines
6  both "*tangible*" and "*intangible*" property rights.  "Tangible personal property"
7  "includes clothing, jewelry, and **other personal effects**," "**books**," "**works on**
8  **paper**,"and "**other items of … personal use**."  And "intangible property"
9  "includes **rights in literary … properties**, rights in works of art, … **copyrights,**
10  **publishing rights,** and **rights to** a deceased personality's name, voice, signature,
11  **photograph**, or likeness."

12      19.    Pursuant to the clear language of the Will and his express instruction,
13  Robert Kardashian "g[a]ve all of [his] interest in the residue of [his] estate,
14  including all [his] intangible property and tangible personal property … to the
15  Trustee of the Trust, …" for distribution pursuant thereto (Will, Article 4).
16  Further, pursuant to the Trust, the only real and personal property distributed to his
17  third-wife, Defendant Pearson, was that of Robert Kardashian's "real property
18  located … [in] Indian Wells, CA" … and his tangible personal property customarily
19  used with that real property owned by him at his death …" and certain other items
20  only per an itemized list (Trust, Articles 5 and 6).  The papers and writings which
21  comprise Robert Kardashian's Diary, as well as the Family Albums, did not and do
22  not constitute property customarily used *with* the real property at Indian Wells, such
23  as furniture and furnishings.  And, unless specifically included on the separate list
24  of distribution of personal property attached to the Will, **no other** "tangible"
25  personal property was distributed to Defendant Pearson, and **no "intangible"**
26  personal property was distributed to Defendant Pearson.

27  / / /
28  / / /

20.     Plaintiffs are informed and believe and based thereon allege that, accordingly, the both the Diary and Family Albums and any intangible rights thereto passed to and are incontestably the personal property of the Kardashian Siblings, who therefore also jointly and equally own all right, title, interest and copyright in the Diary pursuant to the wishes and the express written transfer pursuant to the Will and Trust of their father, the late Robert Kardashian.  Likewise, any copies of photographs of the children/family and family photo albums which were in the possession of Robert Kardashian also passed to and are owned wholly by his four children, and any copyrights in any such photographs taken by Robert Kardashian are now owned by the children through inheritance, or, as to those photographs taken/captured by Kris Jenner of the children and/or of Robert Kardashian, remain Kris Jenner's copyright.

21.     Plaintiffs are further informed and believe and based thereon allege that, at the time of his passing, Robert Kardashian was in possession of a copyright protected photograph of and capturing Robert Kardashian with his children (some of which were, at the time, minors) (the "Photograph") on or around Christmas Eve, which was captured and created by Plaintiff Kris Jenner.  Plaintiffs are further informed and believe and based thereon allege that the physical copy of the Photograph is the personal property of the Kardashian Siblings; and that the copyright and all right, title and interest thereto in the Photograph is owned exclusively by Kris Jenner.

## DEFENDANTS' HIDING THE EXISTENCE OF AND
## SECRET POSSESSION OF PLAINTIFFS' PROPERTY

22.     Notwithstanding the express bequeathments pursuant to the Will and Trust of Robert Kardashian, and Defendant's knowledge thereof, Defendant Pearson sought to hold and hide or divert various property from the estate and proper distribution for her own use and benefit.  After Robert Kardashian's passing, as instances of missing property came to light, Plaintiffs and the trustee had to

repeatedly request that Defendant Pearson return various property which she sought to abscond with, convert and/or hide from.

23.     Plaintiffs are further informed and believe and based thereon allege that Defendant Pearson converted for her own use and benefit tangible and intangible property, which were bequeathed by written instrument to and are the personal property of the Kardashian Siblings.

24.     Plaintiffs are informed and believe and based thereon allege that, among property of which Defendant Pearson wrongfully held and abscond with, Defendant Pearson held in secret the existence of and her possession of the Diary and various photographs of and capturing Robert Kardashian with members of his family.  Plaintiffs are further informed and believe and based thereon allege that Defendant Pearson also held in secret the existence of and her possession of a copyright protected Photograph of and capturing Robert Kardashian and his (at the time) minor children, which was created by Plaintiff Kris Jenner.

25.     Plaintiffs are informed and believe and based thereon allege that Defendant Pearson did so to with the express intent to one-day capitalize on and exploit the valuable property and celebrity of the famous Robert Kardashian, and/or to deprive the Kardashian Siblings of the benefit of private information and memories about their father, family and lives as children, all contrary to the express wishes and bequeathments of Robert Kardashian.

26.     In or about January 2013, as further set forth hereinbelow, Plaintiffs first learned of or had any knowledge of the existence of and Defendant Pearson's secret possession of the Diary, Photograph and other wrongfully and secretly held personal property of the Kardashian Siblings.

### PLAINTIFFS' CELEBRITY AND VALUABLE RIGHTS OF PUBLICITY

27.     Commencing from in or about 2007, the Kardashian Siblings, Kris Jenner and their family rose to prominence and celebrity with their E! reality television series *Keeping Up with the Kardashians*.  Since that time, the Kardashian

and Jenner family celebrity has exponentially increased, and they have transcended across reality television into scripted programs, fashion and various other entertainment and business endeavors.  The Kardashian family are well recognized in pop-culture and most things "Kardashian" have become extremely valuable, including with any and all stories, real and baseless fiction, sought after by the media.  Rarely a week goes by without numerous, often paid for, tabloid stories related to one or more of the Kardashian Siblings, Kris Jenner and/or other members of their family.

### PEARSON'S BANKRUPTCY AND ESTOPPEL OF OWNERSHIP CLAIM

28.   After years of unchecked spending and living off of her inheritance, and amassing significant debt, including to her country club, in or about November 2010, Defendant Pearson filed for Chapter 7 bankruptcy in the United States District Court for the Central District of California, in Riverside County, Case Number 1047447, captioned *In re Ellen June Kardashian*.  The bankruptcy was discharged in or about March 2011.

29.   As part of the bankruptcy, Defendant Pearson was required by law, as are all debtors, to list in statements under *penalty of perjury* all assets and property, and value thereof, in her possession or ownership.  Defendant Pearson did not disclose nor list her possession of nor purported ownership of the valuable Diary and/or Photograph and/or Kardashian Family Albums.  Defendant Pearson failed to list in her assets any copyrights and/or intangible intellectual property rights in the Diary and/or Photograph, and the values thereof.  Likewise, Defendant Pearson did not disclose nor list her possession of nor purported ownership of other photographs and personal property formally of Robert Kardashian which concerned or captured images or information relating to the Kardashian Siblings and/or their mother, including the Family Albums.

30.   As part of the bankruptcy, to help reimburse her creditors, Defendant Pearson did list and was divested from various other valuable assets, including

**COMPLAINT**

1  artwork, jewelry and her house in Indian Springs -- property which she had received

2  by bequeathment from Robert Kardashian.

3      31.   Having failed to disclose or list the Diary and Photograph and Family

4  Albums as valuable assets and/or property in her possession or ownership,

5  Defendant Pearson is and/or should be estopped from now claiming any ownership

6  interest in the Diary and/or Photograph and Kardashian Family Albums, or other

7  valuable photographs and personal property which concerns or captures images or

8  information relating to the famous Kardashian Siblings and their family.  Any such

9  claim or assertion now of ownership in the property in defense of this action would

10  constitute an admission that Defendant Pearson defrauded the Court and her

11  creditors in her bankruptcy action, as it would be tantamount to having hidden

12  extremely valuable assets and property from the estate.

13  **DEFENDANTS' WRONGFUL EXPLOITATION OF THE DIARY AND PHOTOGRAPHS**

14      32.   In the after-math of Defendant Pearson's bankruptcy and on-going

15  financial woes, Defendant Pearson has repeatedly sought to sell (often false) tabloid

16  stories and Kardashian family photos to exploit and cash-in on Plaintiffs' celebrity

17  by means of her past connection to them through her brief 2003 marriage to Robert

18  Kardashian.

19      33.   Plaintiffs are informed and believe and based thereon allege that, in or

20  about January 2013, without right, title or copyright in or to the property, Defendant

21  Pearson sought to peddle and exploit, and disclosed to tabloid and other media, the

22  private and valuable personal papers of Robert Kardashian referred to as the Diary,

23  as well as the Photograph and photographs from the Family Albums.  In conjunction

24  with a paid interview and corresponding article, Defendant Pearson provided and

25  purported to have rights to and to license for publication portions of the Diary and

26  family photographs to Bauer Publishing LP, owner and publisher of the weekly

27  tabloid publications *in Touch Weekly* and *Life & Style*.

28  / / /

34.   Defendant Pearson purported to license copyright in portions of the Diary for use, publication, reproduction and dissemination, all without authorization from the property holder's true owners and in violation of copyright.  In connection with Defendant Pearson's unauthorized exploitation of the Diary, excerpt portions and content thereof were published:  (i) in the February 4, 2013 issue of *In Touch* magazine, in an article titled "The SECRET KARDASHIAN DIARIES" and described as "A feature on the private journals of the late Robert Kardashian that expose how Kris Jenner treated her daughters including Khloé Kardashian" (the "Feb 4th *In Touch* Article"); and also (ii) in the February 4, 2013 issue of *Life & Style* magazine, in an article titled "More Heartbreak for Khloé: Secret Kardashian Diaries Revealed" and described as "Feature on the life struggles of the Kardashians including Khloé Kardashian" (the "Feb 4th *Life & Style* Article"); and also (iii) in the February 11, 2013 issue of *In Touch* magazine, in an article titled "The Kardashian Diaries -Part 2-, Kim, Kourtney and Khloé: It's Worst than They Know" (the "Feb 11th *In Touch* Article") (collectively, the "Articles").  A copy of the Photograph was published in the February 11th *In Touch* Article.  Reprints of certain Kardashian family photographs, including ones from the Family Albums, also appeared in the Articles.

35.   It was only as a result of the publication by Bauer Publishing LP in its tabloids of portions of the Diary, and the Photograph, that Plaintiffs discovered the existence of and Defendant Pearson's secret possession and unlawful conversion of the Diary and related intellectual property rights.

36.   In or about March 2013, Plaintiffs learned that, without right, title or copyright in or to the property, Defendant Pearson has sought to and intends to further peddle and exploit the private and Diary and personal writings of Robert Kardashian, along with various Kardashian family photographs.  Plaintiffs are informed and believe and based thereon allege that Bauer Publishing LP intends to and/or has now licensed from Defendant Pearson for publication and public

dissemination further and extensive portions of and excerpts from the alleged two-hundred-forty-plus pages comprising the Diary, in what has been described as a "bookazine" format (the "Diary Bookazine"). Plaintiffs are informed and believe and based thereon allege that Bauer Publishing LP has paid, and Defendant Pearson has received, tens-of-thousands of dollars for license, publication and use of the Diary -- property which Pearson does not own or hold rights therein, and of which she did not disclose/list as allegedly her property and/or as a valuable asset in her 2010/2011 bankruptcy schedule of assets.

37.    By letters dated March 21, 2013 to Defendant Pearson and to Bauer Publishing LP, Plaintiffs put Pearson and Bauer Publishing LP each, respectively, on notice that the Kardashian Siblings jointly and equally own the exclusive copyright in the subject work, the Diary, by written transfer pursuant to the will and trust of their late father. Defendant Pearson and Bauer Publishing LP were also put on notice that all right, title, interest and copyright in the Diary is owned wholly by the Kardashian Siblings as the children of the late Mr. Kardashian. Notwithstanding the foregoing, Plaintiffs are informed and believe and based thereon allege that Defendant Pearson and Bauer Publishing LP nevertheless intend to wrongfully exploit, use, publish and disseminate further and extensive yet-unpublished portions of and excerpts the private but valuable and copyright protected Diary.

## PLAINTIFFS' REGISTERED COPYRIGHTS

38.    Plaintiffs, the Kardashian Siblings, previously filed for joint registration of copyright with the United States Copyright Office ("USCO") for the subject work, the Diary (as defined hereinabove), as a "Literary Textual Work" under the descriptive title "Robert Kardashian Diary/Journal," pursuant to USCO Claim ID Number 1-913343271. Said copyright registration application has been fully completed and submitted through the USCO's eCO Registration System, including with full payment tendered of the Special Handling service fee (as defined by the USCO as available for "Pending or prospective litigation").

39.   Plaintiff Kris Jenner previously filed for registration of copyright with the USCO for the subject work, the Photograph (as defined hereinabove), as a "Work of Visual Arts" under the descriptive title "Kardashian Family Xmas Photos," pursuant to USCO Claim ID Number 1-914488391.   Said copyright registration application has been fully completed and submitted through the USCO's eCO Registration System, including with full payment tendered of the Special Handling service fee (as defined by the USCO as available for "Pending or prospective litigation").   The copyrights in and for both the Diary and Photograph are sometimes collectively referred to herein as, the "Copyrights".

## FIRST CLAIM FOR RELIEF
### Conversion
### (By Plaintiffs the Kardashian Siblings,
### Against Defendant Pearson and Does 6-10)

40.   Plaintiffs repeat, reallege and incorporate each and every allegation contained in Paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.   At all times relevant hereto, the Kardashian Siblings were, and are, the sole and rightful owners of the personal property described as the Diary, as well as the physical tangible embodiment of the copy of the Photograph and the Family Albums in the possession of Pearson.

42.   Although the Diary, the copy of the Photograph and the family Albums described above are unique and the value of control of the property is irreplaceable by any monetary amount, the property described above has an estimated value through publication of potentially hundreds of thousands of dollars, the exact amount of which shall be proven at trial.

43.   At some point after the death of the Kardashian Siblings' father, and unknown to the Plaintiffs until in or about January 2013, defendant Pearson wrongfully and without Plaintiffs' authority or approval secretly took or obtained

possession of the Diary, kept the same hidden from knowledge of existence from Plaintiffs, and has converted the property for her own use and commercial gain. Plaintiffs are informed and believe and allege that Defendant Pearson has received tens-of-thousands of dollars for license, publication and use of the Diary and Family Albums -- property which Pearson does not own or hold rights therein.

44.     After learning of the existence of the property and Pearson's possession of, conversion of and intended and actual exploitation thereof, in March 2013, Plaintiffs demanded the immediate return of the Diary.   Notwithstanding the demands for the return of any and all copies of the Diary, Defendant(s) has failed and refused to return the property and continued to wrongfully retain the property for her own use, exploitation and benefit.

45.     As a direct and proximate result of Defendants' wrongful conversion of the Diary, Photograph and Family Albums, and related property, Plaintiffs have been damaged in an amount that is not yet fully ascertainable but which is believed to be in excess of Five Hundred Thousand Dollars ($500,000).   When Plaintiffs have ascertained the full amount of their damages, they will seek leave of court to amend this Complaint accordingly.

46.     Between the time of Defendants' conversion of the Diary and Photograph, Family Albums and related property and the filing of this lawsuit, Plaintiffs have expended time and money in legal fees and costs in pursuit of the return of the converted property, all to Plaintiffs' further damage in an amount according to proof at trial.

47.     Plaintiffs are informed and believe and based thereon allege that the aforementioned acts of Defendants, and each of them, were done intentionally or with a conscious and reckless disregard of Plaintiffs' rights, and with the intent to vex, injure or annoy Plaintiffs, such as to constitute oppression, fraud, or malice, thus entitling Plaintiffs to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants, and each of them, and to deter such

**COMPLAINT**

1    conduct in the future, the exact amount of such damages subject to proof at trial.

2        48.    No adequate remedy exists at law for the injustices suffered by
3    Plaintiffs herein, insofar as further harm will result to Plaintiffs from Defendants'
4    wrongful act of conversion of the Diary, Photograph and Family Albums and related
5    property absent injunctive relief.  Absent granting injunctive relief of the type and
6    for the purpose specified herein, Plaintiffs will suffer irreparable injury.  Therefore,
7    in addition to the award for damages set forth herein, Plaintiffs request the following
8    injunctive relief, an Order:

9            (a)    Prohibiting Defendants, and each of them, and their officers,
10   directors, stockholders, owners, agents, partners, servants, employees,
11   representatives and attorneys, and all those in active concert or participation with
12   Defendants, or each of them, and all others, including any third-party publication
13   or website provider, who receive notice of this order, from selling or licensing,
14   offering to sell or license, facilitating the sale or licensing of, disseminating,
15   transferring, publishing, syndicating, displaying, posting for view or access on or
16   through the Internet or in any other manner or media outlet, broadcasting or
17   otherwise using or exploiting or attempting to exploit the Diary and Family Albums,
18   or any information contained therein, whether in electronic or hard-copy form or
19   in any other manner or via any other outlet;

20           (b)    Directing Defendants to recall, retrieve and obtain the Diary and
21   Family Albums, and any and all copies thereof, in any format or medium, from any
22   persons or entities who received possession of any of said material from any of the
23   Defendants or any of their agents or representatives, and to deliver to Plaintiffs'
24   counsel, all copies of the Diary and Family Albums, and any and all copies and
25   portions thereof;

26           (c)    Directing Defendants to give notice to any and all persons and
27   entities who have copies of any part of the Diary and/or Family Albums, received
28   by/through Defendants, that they are enjoined by Court Order from using,

1  displaying, posting for view or access on the Internet or in any other manner or in
2  any other format or medium, publishing, distributing, transferring or exploiting the
3  Diary and/or Family Albums and/or portions thereof pending further Order of this
4  Court, and provide a copy of each said notice to Plaintiffs' counsel; and

5          (d)    Directing Defendants to deliver and turn-over to Plaintiffs'
6  counsel to hold and maintain possession of, all copies of the Diary and Family
7  Albums, and any portions thereof, in any format or medium, which are in their
8  possession, custody or control, or in the control of any of their officers, directors,
9  owners, agents, partners, servants, employees, representatives and attorneys.

10

11  **SECOND CLAIM FOR RELIEF**
12  **Copyright Infringement [17 U.S.C. § 101 *et. seq.*]**
13  **(By Plaintiffs the Kardashian Siblings, Against All Defendants)**

14      49.    Plaintiffs repeat, reallege and incorporate each and every allegation
15  contained in Paragraphs 1 through 39, and 41 through 44, inclusive, as though fully
16  set forth herein.

17      50.    Plaintiffs, the Kardashian Siblings, are jointly and equally the sole
18  owners of all right, title and interest in the copyright to the Diary, and the physical
19  embodiment(s) thereof.  The subject work of this claim has been properly and fully
20  submitted in the Kardashian Siblings' names to the U.S. Copyright Office
21  ("USCO") for copyright registration.

22      51.    Plaintiffs, the Kardashian Siblings, are informed and believe and
23  thereon allege that Defendants, and each of them, have copied, commercially used,
24  exploited, attempted to sell/license and disseminated the copyrighted Diary.

25      52.    Defendants' copying of, commercial use, exploitation, attempts to
26  license or sell and dissemination of the copyrighted materials is unauthorized.
27  Defendants' unauthorized use, commercial use, exploitation, licensing, attempts to
28  license or sell and dissemination of the Diary and any physical embodiment thereof

constitutes an infringement of the Kardashian Siblings' rights, including of the Diary copyright, and of the copyright laws.

53.     Defendants have infringed the Kardashian Siblings' exclusive copyrights in and to the Diary directly and indirectly by reproduction of the copyrighted work, causing the copyrighted work to be copied and distributed, and by the preparation of derivative works, all without the consent of the Kardashian Siblings.

54.     As a direct and proximate result of Defendants' infringing activities, the Kardashian Siblings have sustained and will continue to sustain substantial injury, including damage to their business and to their personal reputations in an amount not yet known but to be determined according to proof at trial.  As a further direct and proximate result of the infringement by Defendants, they have unlawfully and wrongfully derived income and profits from their infringing acts.

55.     The Kardashian Siblings lack an adequate remedy at law.

56.     Plaintiffs, the Kardashian Siblings, are informed and believe and on that basis allege that Defendants had prior knowledge of the Kardashian Siblings' rights and, therefore, Defendants' infringing activities are willful and wanton, entitling the Kardashian Siblings to an award of attorneys' fees and the costs of this action.

57.     Pursuant to 17 U.S.C. § 502, Plaintiffs, the Kardashian Siblings, are entitled to an order enjoining Defendants' from infringing Plaintiffs' copyright; pursuant to 17 U.S.C. § 503, Plaintiffs are entitled to an order impounding all copies of the infringing articles; and pursuant to 17 U.S.C. § 504, Plaintiffs are entitled to recover actual damages from Defendants' infringement and Defendants' profits attributable to their infringing conduct.  Pursuant to 17 U.S.C. § 505, Plaintiffs are also entitled to recover the full costs of bringing this action and their reasonable attorney's fees.

58.     Plaintiffs have suffered irreparable harm and will continue to be irreparably injured unless Defendants' infringement is enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### Copyright Infringement [17 U.S.C. § 101 *et. seq.*]

### (By Plaintiff Jenner, Against All Defendants)

59. Plaintiffs repeat, reallege and incorporate each and every allegation contained in Paragraphs 1 through 39, and 41 through 44 inclusive, as though fully set forth herein.

60. Plaintiff Jenner is the sole owner of all right, title and interest in the copyright to the Photograph, with the physical embodiment thereof which is in the possession of Pearson owned by the Kardashian Siblings. The subject work of this claim has been properly and fully submitted in Jenner's to the U.S. Copyright Office ("USCO") for copyright registration.

61. Plaintiff Jenner is informed and believes and thereon alleges that Defendants, and each of them, have copied, commercially used, exploited, attempted to sell/license and disseminated the copyrighted Photograph.

62. Defendants' copying of, use, commercial use, exploitation, attempts to license or sell and dissemination of the copyrighted materials is unauthorized. Defendants' unauthorized copying of, use, commercial use, exploitation, licensing, attempts to license or sell and dissemination of the Photograph and any physical embodiment thereof constitutes an infringement of Plaintiff's rights, including of the Photograph's copyright, and of the copyright laws.

63. Defendants have infringed Plaintiff's exclusive copyrights in and to the Diary directly and indirectly by reproduction of the copyrighted work, causing the copyrighted work to be copied and distributed, and by the preparation of derivative works, all without the consent of Plaintiff.

64. As a direct and proximate result of Defendants' infringing activities, Plaintiff has sustained and will continue to sustain substantial injury, including damage to her business and to her personal reputation in an amount not yet known but to be determined according to proof at trial. As a further direct and proximate

result of the infringement by Defendants, they have unlawfully and wrongfully derived income and profits from their infringing acts.

65. Plaintiff lacks an adequate remedy at law.

66. Plaintiff is informed and believes and on that basis alleges that Defendants had prior knowledge of Plaintiff's rights and, therefore, Defendants' infringing activities are willful and wanton, entitling Plaintiff to an award of attorneys' fees and the costs of this action.

67. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an order enjoining Defendants' from infringing Plaintiff's copyright; and pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover actual damages from Defendants' infringement and Defendants' profits attributable to their infringing conduct. Pursuant to 17 U.S.C. § 505, Plaintiff is also entitled to recover the full costs of bringing this action and her reasonable attorney's fees.

68. Plaintiff has suffered irreparable harm and will continue to be irreparably injured unless Defendants' infringement is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

### Claim and Delivery

### (By Plaintiffs the Kardashian Siblings, Against All Defendants)

69. Plaintiffs repeat, reallege and incorporate each and every allegation contained in Paragraphs 1 through 39, 41 through 44 and 50 through 58, inclusive, as though fully set forth herein.

70. Plaintiffs were at all times relevant hereto, and still are, entitled to the possession of the tangible personal property defined herein as the Diary and the Family Albums, and any and all copies and portions thereof.

71. While the Diary has little intrinsic value in and of itself, based on information and belief, the value of the substance of the writings therein have a value through the right to control and license or limit license for publication thereof,

1    in an estimated value of potentially in excess of one hundred thousand dollars.

2         72.    While the Family Albums have little intrinsic value in and of itself,

3    based on information and belief, the value of the substance of the photoraphs therein

4    have a value through the right to control or license or limit license for publication

5    thereof, in an estimated value of potentially in excess of a hundred thousand dollars.

6         73.    Defendants have no interest in the personal private Diary of the

7    Kardashian Siblings' father, nor any portion thereof, nor of the Family Albums.

8    Upon or after the death of the Kardashian Siblings' father, Defendant(s) wrongfully

9    and without Plaintiffs' consent took possession of the Diary without Plaintiffs'

10   knowledge, and has since that time maintained in secrecy and hidden from Plaintiffs

11   the existence of the Diary and Defendants' possession thereof.  Defendant Pearson

12   hid the existence of and her possession of the valuable Diary and other property,

13   include hiding said properties from and not listing them as assets through the course

14   of her bankruptcy, filed in November 2010 and discharged in 2011.  Since the date

15   Defendant clandestinely obtained the Diary, until January of 2013 when the

16   existence of Plaintiffs' property was revealed to be in Defendants' possession,

17   Defendants have been, and now are, in wrongful possession of the property in

18   violation of Plaintiffs' rights.  Plaintiffs are, and at all times mentioned herein were,

19   entitled to the immediate and exclusive possession of the tangible personal property

20   described herein, and the property is being wrongfully withheld by the Defendants.

21        74.    As a proximate result of, Defendants' wrongful possession and

22   detention of the personal property described above, Plaintiffs suffered damages,

23   according to proof at trial, for the loss of the use of their personal property.

24        75.    There is a probability of "immediate danger" that the property will be

25   transferred, concealed, or may become substantially impaired in value by

26   Defendants publication of a copy of the property or portions thereof.  Plaintiffs are

27   entitled to a writ of possession for seizure and return of the Diary, Photograph,

28   Family Albums, and any tangible copies thereof, including any electronic files and

1 stored copies.

2      76.    Plaintiffs are informed and believe and based thereon allege that the
3 aforementioned acts of Defendants, and each of them, were done intentionally or
4 with a conscious and reckless disregard of Plaintiffs' rights, and with the intent to
5 vex, injure or annoy Plaintiffs, such as to constitute oppression, fraud, or malice,
6 thus entitling Plaintiffs to exemplary and punitive damages in an amount appropriate
7 to punish or set an example of Defendants, and each of them, and to deter such
8 conduct in the future, the exact amount of such damages subject to proof at the time
9 of trial.

10

11 **FIFTH CLAIM FOR RELIEF**

12 **For Accounting**

13 **(By All Plaintiffs, Against All Defendants)**

14      77.    Plaintiffs repeat, reallege and incorporate each and every allegation
15 contained in Paragraphs 1 through 39, 41 through 44, 50 through 58 and 60 through
16 63, inclusive, as though fully set forth herein.

17      78.    Plaintiffs are informed and believe on that basis alleges that the
18 Defendants, and each of them, have received profits by virtue of their wrongful
19 conduct, as herein alleged.

20      79.    Plaintiffs are entitled to that portion of Defendants' profits attributable
21 to the unauthorized commercial use, dissemination and exploitation of the Diary and
22 Photograph and Family Albums, including from the sale or license or publication
23 thereof, as well as from and through any ad-revenue streams generated through sale
24 of any publications and/or the operation of their websites and all increased traffic
25 and views of their websites. The amount of these profits is presently unknown and
26 cannot be ascertained without an accounting. The accounting will show any profits
27 due and owing to Plaintiffs based on Defendants' unlawful conduct.

28

## SIXTH CLAIM FOR RELIEF

### For Imposition of Constructive Trust

### (By All Plaintiffs, Against All Defendants)

80.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in Paragraphs 1 through 39, 41 through 44, 50 through 58, 60 through 63 and 77 through 78, inclusive, as though fully set forth herein.

81.    As alleged hereinabove, Defendants, and each of them, have wrongfully misappropriated, and/or permitted or participated in the unauthorized use, commercial use, licensing and exploitation of the Diary and Photograph and Family Albums, including from the sale or license or publication thereof, for purposes of inter alia obtaining an interview or license fee and/or soliciting sales of Defendants' goods, merchandise and services and traffic to Defendants' websites, all for commercial purposes and to increase Defendants' profits.

82.    Plaintiffs are informed and believe and based thereon allege that as a result of the aforesaid wrongful acts of Defendants, and each of them, Defendants have realized profits and otherwise received payments and other valuable consideration, and have been unjustly enriched at the expense of Plaintiffs, and may continue to receive profits, payments and other valuable consideration in the future from their unauthorized use, commercial use, licensing and exploitation of the Diary and Photograph and Family Albums and of the related property.

83.    As a direct and proximate result of Defendants' wrongful conduct as alleged hereinabove, Defendants, and each of them, hold any and all monies deriving from the unauthorized use, commercial use, licensing and exploitation and exploitation of the Diary and Photograph and Family Albums and of the related property, plus interest on said amount, as involuntary constructive trustees in constructive trust for Plaintiffs.

/ / /

/ / /

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Kourtney Kardashian, Kimberly Kardashian, Khloé Kardashian Odom, Robert Kardashian, Jr., and Kris Jenner pray for judgment against Defendant Ellen Pearson, and Does 1 through 10, as said plaintiff and defendant(s) is specifically named and listed for the respective Claim for Relief, as follows:

## AS TO THE FIRST CLAIM FOR RELIEF (FOR CONVERSION):

1.     For an award of general and special damages against Defendants, and each of them, jointly and severally, for the value of the property converted, in an amount in excess of the jurisdictional limits of this Court that is not yet fully ascertainable, but believed to be not less than Five Hundred Thousand ($500,000) Dollars, in accordance with proof at trial, together with interest thereon at the legal rate;

2.     For damages for the proximate and foreseeable loss resulting from Defendants' conversion in a sum according to proof at the time of trial, together with interest thereon at the legal rate;

3.     For punitive and exemplary damages;

4.     For an order for the following preliminary and permanent injunction, as set forth hereinabove in the First Claim For Relief.

## AS TO THE SECOND CLAIM FOR RELIEF (FOR VIOLATION OF COPYRIGHT):

5.     Treble damages in an amount equivalent to three (3) times Defendants' profits, or actual damages, whichever is greater, plus costs of suit, pursuant to 15 U.S.C. §1117(a);

6.     For an order declaring that Defendants hold such profits in trust for Plaintiffs;

7.     For a preliminary and permanent injunction enjoining the use, copying, sale, licensing, display, dissemination and distribution of the Diary and/or any

**COMPLAINT**

1  related property and any goods and services appropriating Plaintiffs' copyrights by

2  Defendants;

3       8.      Attorneys' fees and costs, pursuant to 17 U.S.C. §§502-505;

4  **AS TO THE THIRD CLAIM FOR RELIEF (FOR VIOLATION OF**

5  **COPYRIGHT)**:

6       9.      Treble damages in an amount equivalent to three (3) times Defendants'

7  profits, or actual damages, whichever is greater, plus costs of suit, pursuant to 15

8  U.S.C. §1117(a);

9       10.    For an order declaring that Defendants hold such profits in trust for

10  Plaintiff;

11      11.    For a preliminary and permanent injunction enjoining the use, copying,

12  sale, licensing, display, dissemination and distribution of the Photograph and/or any

13  related property and any goods and services appropriating Plaintiffs' copyrights by

14  Defendants;

15      12.    Attorneys' fees and costs, pursuant to 17 U.S.C. §§502-505;

16  **AS TO THE FOURTH CLAIM FOR RELIEF (FOR CLAIM AND**

17  **DELIVERY)**:

18      13.    For an order for the return to and possession by Plaintiffs of the Diary

19  and any tangible copies thereof, including any electronic files and stored copies;

20      14.    For an order for the return to and possession by Plaintiffs of the Family

21  Albums and any tangible copies thereof, including any electronic files and stored

22  copies;

23      15.    For an award of general and special damages against Defendants, and

24  each of them, jointly and severally, for the loss of use and damages to the value of

25  the property, in a sum according to proof at the time of trial, together with interest

26  thereon at the legal rate;

27      16.    For punitive and exemplary damages;

28  / / /

**COMPLAINT**

**AS TO THE FIFTH CLAIM FOR RELIEF (FOR ACCOUNTING)**:

17.    A full and complete accounting from Defendants, and each of them, concerning all monies or other things of value received by Defendants, and any of them, directly and/or indirectly in connection with their wrongful exploitation of the Diary and Photograph and Family Album, and any related or derivative copies or portions thereof, without Plaintiffs' consent;

18.    A full and complete accounting from Defendants, and each of them, concerning all monies or other things of value received by Defendants, directly and/or indirectly in connection with their wrongful use, license, sale and/or exploitation of any of the Diary and Photograph and Family Album, and any related or derivative copies or portions thereof;

**AS TO THE SIXTH CLAIM FOR RELIEF (FOR CONSTRUCTIVE TRUST)**:

19.    For the imposition of a constructive trust such that all sums and consideration unlawfully obtained by Defendants are held by Defendants as constructive trustees for Plaintiffs;

**AS TO ALL CAUSES OF ACTION**:

20.    For costs of suit herein;

21.    For reimbursement to Plaintiffs of attorneys' fees, as provided by law;

22.    For interest on the above-requested damages and at the maximum legal rate as provided by law; and

23.    For such other additional relief as the Court deems just and proper.

Respectfully submitted,

DATED: April 4, 2013

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
EVAN N. SPIEGEL

By: _____
MARTIN D. SINGER
Attorneys for Plaintiffs, Kourtney Kardashian, Kimberly Kardashian, Khloé Kardashian Odom, Robert Kardashian, Jr., and Kris Jenner

1
2

### REQUEST FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules

3

of Civil Procedure.

4
5

Respectfully submitted,

6

DATED: April 4, 2013

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
EVAN N. SPIEGEL

7
8
9

By: _____

10

MARTIN D. SINGER

Attorneys for Plaintiffs, Kourtney Kardashian,
Kimberly Kardashian, Khloé Kardashian
Odom, Robert Kardashian, Jr., and Kris Jenner

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Name & Address:
MARTIN D. SINGER, ESQ. (SBN 78166)
EVAN N. SPIEGEL, ESQ. (SBN 198071)
LAVELY & SINGER PROFESSIONAL CORP.
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CA 90067

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kourtney Kardashian, an individual; Kimberly Kardashian, an individual; Khloé Kardashian Odom, an individual; Robert Kardashian, Jr., an individual, and; Kris Jenner, an individual,     PLAINTIFF(S)<br>v.<br>Ellen Pearson, an individual, a/k/a Ellen Kardashian and a/k/a Ellen Pierson; and DOES 1 through 10, inclusive,     DEFENDANT(S) . | CASE NUMBER<br><br>**CV13-02406**‑GHK (JC)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within  21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Martin D. Singer_____ , whose address is Lavely & Singer P.C., 2049 Century Park East, Suite 2400, Los Angeles, California 90067 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  APR - 4 2013
_____

By:  _Marilyn Dم_____
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV13- 2406 GHK (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Kourtney Kardashian, Kimberly Kardashian, Khloe Kardashian Odom, Robert Kardashian, Jr., and Kris Jenner

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Ellen Pearson, an individual, a/k/a Ellen Kardashian and a/k/a Ellen Pierson; and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MARTIN D. SINGER, ESQ. (SBN 78166)
EVAN N. SPIEGEL, ESQ. (SBN 198071)
LAVELY & SINGER PROF. CORP.
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CA 90067      [PH: (310) 556-3501]

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $  $500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1. CONVERSION; 2. COPYRIGHT INFRINGEMENT; 3. COPYRIGHT INFRINGEMENT; 4. CLAIM AND DELIVERY; 5. ACCOUNTING; 6. CONSTRUCTIVE TRUST

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-02406

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                   CIVIL COVER SHEET                   Page 1 of 2
CCD-CV71

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: **April 4, 2013**

MARTIN D. SINGER, ESQ.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |